UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:12-CR-00018-1-JRG |
| | ) |
| JASON CHARLES MONK | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Jason Charles Monk's Motion for Early Termination of Supervised Release [Doc. 44]—in which Mr. Monk, through counsel, moves the Court to terminate his term of supervision under 18 U.S.C. § 3583(e)(1)—and the United States' Response [Doc. 45]. In 2012, Mr. Monk pleaded guilty to failing to register as a sex offender under the Sex Offender Registration and Notification Act, 42 U.S.C. § 16901 *et seq.*, in violation of 18 U.S.C. § 2250(a). [Plea Agreement, Doc. 20, at 1]. The Court sentenced him to thirty-seven months' imprisonment and a lifetime term of supervision. [J., Doc. 27, at 2–3]. Less than one year into his term of supervision, he committed seven separate violations of his conditions of supervised release—including failure to abide by Tennessee's sex-offender registration law, failure to report to his probation officer, failure to notify his probation officer of a change of address, failure to comply with sex-offender treatment, frequenting a location where controlled substances are illegally sold, substance abuse, and criminal association—and the Court revoked his supervised release and sentenced him to eight months' imprisonment and a lifetime term of supervision. [Agreed Order of Revocation, Doc. 43, at 2–4]. Now, he moves the Court for early termination of this term of supervision, which he began in November 2017.

In support of his motion, he states that he has not only complied with all the conditions of his second term of supervision but has also passed several polygraph tests, completed sex-

offender treatment, enrolled in courses at a community college, gotten married, and mended relationships with his family. [Def.'s Mot. at 1–2]. In Mr. Monk's view, he "has demonstrated by his conduct over the past five years that further supervision is unnecessary as he is able to maintain compliance with the law, remain drug free and participate as a productive member of society." [*Id.* at 2]. In the United States' view, though, the Court should deny Mr. Monk's request for early termination because of his lifetime term of supervision, his prior revocation, and § 3553(a)'s "policy guidelines which indicate that additional consideration should be given to those who have committed a sexual offense as most classified sex offenders are not eligible after considering the above factors." [United States' Resp. at 2].[1] The United States Probation Office has taken no position on Mr. Monk's request for early termination.

As an initial matter, Mr. Monk's compliance with his conditions of supervised release does not guarantee early termination of his supervision. *See United States v. Campbell*, No. 05-6235, 2006 WL 3925588, at *1 (6th Cir. July 25, 2006) (recognizing that early termination of supervised release requires "exceptionally good behavior" (quotation omitted)); *United States v. Whitehouse*, No. 3:08-CR-185, 2016 WL 3951146, at *1 (E.D. Tenn. July 20, 2016) ("[M]ere compliance with the requirements of supervision is not a sufficient reason to shorten [the defendant's] term of supervised release."); *United States v. McKay*, 352 F. Supp. 2d 359, 361

---

[1] The United States fails to identify the policy guidelines that it is referring to under § 3553(a), though, in the past, the Court has acknowledged that "[p]er the Guide to Judiciary Policy . . . . there is a presumption in favor of recommending early termination for supervised releasees who have been under supervision for at least 18 months and are not career violent and/or drug offenders, sex offenders or terrorists, present no identified risk to the public or victims, and are free from any moderate or high severity violations." *United States v. Whitehouse*, No. 3:08-CR-185, 2016 WL 3951146, at *1 (E.D. Tenn. July 20, 2016). Not all sex offenses are equal under the law, however. For instance, § 3553(b) contains a subsection concerning "child crimes and sexual offenses" and requires courts to impose specific sentences for defendants convicted of "an offense under section 1201 involving a minor victim, an offense under section 1591, or an offense under chapter 71, 109A, 110, or 117," but Mr. Monk's offense—a failure to register, which is an offense under § 2250(a) and chapter 109B—does not fall under these sections or chapters. 18 U.S.C. § 3553(b)(2)(A); *see generally* 18 U.S.C. § 3156(a)(4)(C) (referring to certain child crimes and sexual offenses, namely any felonies falling under chapters 77, 109A, 110, or 117, as "crime[s] of violence").

2

(E.D.N.Y. 2005) (acknowledging that a defendant's re-assimilation into pre-incarceration life is "commendable" but is "expected of a person on supervised release" and therefore "do[es] not constitute the 'exceptional behavior' contemplated in the precedents"); *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003) ("[M]ere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination." (citations omitted)). Rather, the decision to terminate a defendant's supervised release lies exclusively in the Court's discretion. *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002). Once a defendant has completed one year of his term of supervised release,[2] the Court may—in its discretion—terminate the remainder of that term if, after considering the relevant factors under 18 U.S.C. § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

Having considered the relevant factors under § 3553(a), as well as the letters of support that Mr. Monk has filed alongside his motion, the Court is not satisfied that his conduct and the interest of justice warrant early termination of his supervision. "While the Court does not wish to minimize [his] laudable post-incarceration accomplishments, it is nonetheless apparent that the reasons cited by [him]—compliance with release conditions, resumption of employment and engagement of family life—are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate." *United States v. Bauer*, No. 5:09-cr-00980 EJD, 2012 WL 1259251, at *2 (N.D. Cal. Apr. 13, 2012) (citation omitted). Even if Mr. Monk, in moving for early termination, had identified something more than routine compliance with his conditions of supervised release and post-incarceration accomplishments, the Court still

---

[2] By statute, Mr. Monk faced a minimum five-year term of supervised release. 18 U.S.C. 3583(k).
3

would be unconvinced, based on its analysis of § 3553(a)'s factors, that early termination is appropriate.

To start with, Mr. Monk's failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a), is a serious offense. *See United States v. Puckett*, No. 21-5783, 2023 WL 110584, at *3 (6th Cir. Jan. 5, 2023) (noting the district court, when balancing § 3553(a)'s factors during sentencing, had reasoned that "failure to register under SORNA is 'a serious offense' because the government and the community have a right to know who sex offenders are and where they live," and concluding that the district court's sentence was substantively reasonable). The nature and circumstances of Mr. Monk's offense and his history and characteristics are also serious and a source of ongoing concern for the Court. At sentencing, Mr. Monk's criminal history category was VI, the highest possible category, and he had sixteen countable points for convictions that included failure to register as a sex offender, failure to comply with sex-offender reporting requirements, failure to appear for a felony, giving false identification, battery, possession of drug paraphernalia, possession of a controlled substance, forgery, and criminal impersonation. [PSR ¶¶ 35–42 (on file with the Court)].

Also, as the United States points out, Mr. Monk has one prior revocation of his federal supervised release, and he has a litany of prior revocations at the state level. [*Id.* ¶¶ 35, 38, 39, 41]. Mr. Monk's string of prior revocations indicates that he has a deep-seated disrespect for the law, and the Court may consider his prior revocations in determining whether early termination is appropriate. *Cf. United States v. Smith*, 770 F.3d 653, 655 (7th Cir. 2014) ("The fact that the defendant's supervised release had twice been revoked was something the judge was free, maybe required, to consider in deciding what sentence to impose for a third set of violations."); *United States v. Dougherty*, No. 6:16-CR-5-KKC-HAI-12, 2019 WL 2622323, at *3 (E.D. Ky. May

4

22, 2019) ("Defendant's history and characteristics includes [sic] his prior revocation, which involved nine violations."). Although Mr. Monk's ongoing compliance with his current term of supervision suggests that he has, perhaps, developed a newfound respect for the law, the seriousness of his offense, his extensive criminal history—which spans nearly his entire adult life—and his prior revocations compel the Court to "question[] the wisdom of terminating supervised release or even lifting conditions that have provided the structure for [his] positive life changes." *United States v. Urchak*, No. 08-781 (RMB), 2019 WL 316013, at *2 (D.N.J. Jan. 24, 2019).

The continuation of his supervision is therefore necessary to promote respect for the law, deter him from criminal conduct, and protect the public from further criminal conduct, and in reaching the decision to continue his supervision, the Court has considered the relevant factors under § 3553(a) and the record as a whole, including his letters of support. *See United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003) (rejecting the argument that a district court, when denying a request for early termination, has to provide more than a general statement of its reasons under § 3553(a)'s factors); *see also United States v. Peters*, 856 F. App'x 230, 233, 234–35 (11th Cir. 2021) (recognizing that a "district court's order [denying early termination] must demonstrate that it considered the[] factors [under § 3553(a)], but it need not explain how each factor applies or explicitly state that it considered them," and then affirming the district court's denial of early termination because the district court had "consider[ed] . . . the relevant § 3553(a) factors" and "weighed each piece of evidence [the defendant] submitted in support of terminating his supervised release—including family letters"); *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011) (stating that a district court need only "give some indication that it has considered the statutory factors in reviewing a motion for early termination of supervised release," rather than

make explicit findings under those factors); *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003) ("[A] statement that [the district judge] has considered the statutory factors is sufficient." (quotation omitted)).

Lastly, although the United States opposes early termination in part because the Court ordered Mr. Monk to serve a lifetime term of supervision, the United States cites no authority for its position that the Court lacks discretion to order early termination of a lifetime term. *See* 18 U.S.C. § 3583(e)(1) (providing that a district court, upon weighing the relevant factors under § 3553(a), may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release"); *United States v. Henry*, No. 11CR7032-H, 2020 WL 4281966, at *3 (S.D. Cal. June 23, 2020) ("[T]he fact that a lifetime of supervised release was imposed at the time of sentencing does not necessarily disqualify a defendant from early termination of supervised release. Rather, the Court must weigh the appropriate factors set forth under § 3553(a) and must be satisfied that early termination is warranted in the interest of justice under § 3583(e)(1)." (citing *United States v. Mullen*, 329 F. App'x 61, 64 (9th Cir. 2009))).

Some courts, after sentencing defendants to lifetime terms of supervision, have allowed them to seek early termination after ten years of compliance. *See, e.g.*, Judgment at 3, *United States v. Corinne*, No. 6:11-CR-00066-2-ART (E.D. Ky. Sept. 12, 2013), ECF Doc. No. 20 (sentencing the defendant to a lifetime term of supervision but stating in the judgment that "[i]f the defendant is successful on supervised release after (10) ten years, she can petition the Court for early termination"); *see also Peters*, 856 F. App'x at 235 (noting that the district court had sentenced the defendant to a lifetime of supervision but stated that "it would entertain another § 3583(e)(1) motion at the end of ten years of supervision"). Like these courts, this Court will

6

permit Mr. Monk to refile his motion for early termination if he is successful on supervised release after ten years. Mr. Monk's motion for early termination of supervised release [Doc. 44] is therefore **DENIED** with leave to renew in November 2027.

So ordered.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE